■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK RICHARDSON, Appellant. [752 NYS2d 867] —Judgment, Supreme Court, Bronx County (Peter Benitez, J.), rendered March 29, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously modified, on the facts, to the extent of vacating the conviction of criminal sale of a controlled substance in or near school grounds and dismissing that count, and otherwise affirmed.

The verdict convicting defendant of criminal sale of a controlled substance in the third degree was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility and identification were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94).

However, the conviction of criminal sale of a controlled substance in or near school grounds was against the weight of the evidence, given that the testimony of defendant's investigator regarding the measurements she had taken and the undercover officer's own testimony that the sale occurred more than two blocks from the school established that the drug sale occurred more than 1,000 feet from the school, and should have been accorded greater weight than the undercover officer's conclusory assertion that the sale occurred within 1,000 feet of the school. This disposition renders defendant's arguments pertaining to double jeopardy and noninclusory counts academic.

We perceive no basis for reducing the sentence for third degree sale, notwithstanding the vacatur of the other conviction. Concur—Nardelli, J.P., Tom, Mazzarelli, Andrias and Saxe, JJ.